## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Lyudmila Shchepilova,            Civil No. 07-2018 (DWF/AJB)

    Plaintiff,

v.                                           **MEMORANDUM**
                                               **OPINION AND ORDER**

Alberto Gonzales, Attorney General
of the United States; Michael Chertoff,
Secretary, Department of
Homeland Security; Robert S. Mueller, III,
Director, Federal Bureau of Investigations;
Denise Frazier, Director, St. Paul District,
U.S. Citizenship and Immigration
Services; Emilio T. Gonzalez, Director,
U.S. Citizenship & Immigration Services,

    Defendants.

---

Matthew M. Armbrecht, Esq., Guzior Armbrecht & Maher, counsel for Plaintiff.

Friedrich A. P. Siekert, Assistant United States Attorney, and Gregory G. Brooker, Assistant United States Attorney, United States Attorney's Office, counsel for Defendants.

---

## INTRODUCTION

Plaintiff Lyudmila Shchepilova initiated this suit asking the Court to adjudicate her Form N-400 naturalization application. Specifically, Plaintiff asks the Court to set the matter for hearing, order Defendants to complete all statutorily-mandated tasks, including the required Federal Bureau of Investigation ("FBI") checks, and grant her naturalization under 8 U.S.C. § 1447(b). Alternatively, Plaintiff asks the Court to remand

the action to the United States Citizen and Immigration Services ("USCIS") with instructions to expedite the background checks and adjudicate her application within fifteen days.  This matter is currently before the Court on Defendants' Motion to Dismiss or Remand.  Defendants contend that the Court lacks subject-matter jurisdiction over this case.  Alternatively, Defendants argue that the matter should be remanded to the USCIS with no time constraints for adjudicating Plaintiff's application.  For the reasons stated below, the Court denies Defendants' motion and remands to the USCIS for expedited resolution.

## BACKGROUND

Plaintiff is a citizen of Russia and was admitted to the United States as a lawful permanent resident on September 9, 2000.  On August 24, 2005, Plaintiff filed an application for naturalization with the USCIS.

When a person applies to the USCIS for naturalization, the USCIS conducts several security and background checks to ensure that the person is both eligible for naturalization and is not a national security or public safety risk.  These background checks include:  (a) a record check made against DHS's own immigration systems; (b) an FBI fingerprint check; (c) a check against the Interagency Border Inspection System ("IBIS"); and (d) an FBI name check, which is run against FBI investigative databases.  A USCIS adjudications officer does not adjudicate a naturalization application until all of the above background security checks are completed.

On August 30, 2005, the USCIS instituted an FBI name check on Plaintiff.  The FBI received and processed the name check on September 13, 2005.  On March 1, 2006,

after the completion of fingerprinting[1] and IBIS checks[2] and pursuant to 8 C.F.R. § 335.2, an officer from the USCIS interviewed Plaintiff regarding her naturalization application.  During this interview, Plaintiff passed the required English-language-proficiency evaluation and a test concerning her knowledge and understanding of United States government and history.  *See* 8 U.S.C. § 1423(a)(1)-(2); 8 C.F.R. § 335.2.  The only remaining check to be completed before Plaintiff's adjudication was the FBI name check.  *See* 8 C.F.R. § 335.2.[3]  As of the September 14, 2007 hearing, the USCIS had yet to receive any results from the FBI name check.

---

[1]    The USCIS took Plaintiff's fingerprints on October 15, 2005, December 14, 2005, and May 11, 2007, and submitted them to the FBI.  For Form N-400 applicants, FBI fingerprint reports are valid for fifteen months.

[2]    The USCIS conducted IBIS checks on Plaintiff on February 9, 2006, and April 25, 2007.  IBIS checks must be 180-days current as of the time of the initial interview and at the time of naturalization.

[3]    In an April 25, 2006 Interoffice Memorandum, the USCIS declared that "[f]or purposes of judicial economy, [the USCIS] will promptly cease . . . to schedule any naturalization interviews until all background checks have been completed in a particular case.  This will mean cases will not be scheduled for interview until we have both the results of the fingerprint check and the results of the separate FBI name check process." (Declaration of Matthew Armbrecht, Ex. E.)  In a December 21, 2006 Interoffice Memorandum, the USCIS declared, among other things, that "[m]andamus filings will no longer be routinely expedited.  The loss of Social Security benefits or other subsistence, however, continue to be a basis for routine expeditious processing." (Armbrecht Decl., Ex. F.)

It appears that prior to April 25, 2006, the USCIS officers were in good faith consciously trying to curb the delays that applicants were experiencing by scheduling their interviews with applicants prior to receiving all FBI background checks.  The April and December Memoranda, however, indicate that the USCIS has shifted its policy, now accepting unreasonable delay and promoting such delay by refusing to request expedited background checks because of unreasonable delay.  The Court does not agree with the

(Footnote Continued on Next Page)

**PROCEDURAL HISTORY**

Plaintiff filed a Petition for a Hearing on Naturalization Application on April 23, 2007.  In the Petition, Plaintiff asserts jurisdiction under 8 U.S.C. § 1447(b) (jurisdiction over naturalization application); 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 2201 (Declaratory Judgment Act); and 5 U.S.C. § 701 (Administrative Procedure Act).  Defendants then filed a Motion to Dismiss or Remand, claiming lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12.

**DISCUSSION**

**I.      Standard of Review**

"Dismissal for lack of subject matter jurisdiction will not be granted lightly." *Wheeler v. St. Louis Sw. Ry. Co.*, 90 F.3d 327, 329 (8th Cir. 1996).  Dismissal is proper, however, where an attack on the complaint's alleged basis for subject matter jurisdiction reveals that there is no actual basis for jurisdiction.  *Id*.

When the legal sufficiency of the plaintiff's jurisdictional allegations are at issue, the court must take all facts alleged in the complaint as true and must draw all reasonable inferences in favor of the plaintiff.  *See Robinson v. Gov't of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001); *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).  Also, the court has authority to consider matters outside the pleadings when subject matter jurisdiction is

---

(Footnote Continued From Previous Page)
change in the USCIS policy and instead believes that an investigation into Defendants' resources might prove beneficial to everyone, as resources that are now spent on litigation could be better spent on processing background checks and adjudicating applications.

challenged under Federal Rule of Civil Procedure 12(b)(1). *Harris v. P.A.M. Transp., Inc.*, 339 F.3d 635, 637 n.4 (8th Cir. 2003). Consideration of matters outside the pleadings under such circumstances does not convert the proceedings to a Rule 56 summary judgment motion. *Id.*

## II.     Subject Matter Jurisdiction

Federal subject matter jurisdiction is proper only if Congress has expressly conferred it. *State of Mo. ex rel. Mo. Hwy. & Transp. Comm'n v. Cuffley*, 112 F.3d 1332, 1334 (8th Cir. 1997). Congress has deemed that federal courts have jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Here, in addition to asserting federal question jurisdiction under § 1331, Plaintiffs assert that this Court has jurisdiction based on 8 U.S.C. § 1447(b); the Declaratory Judgment Act, 28 U.S.C. § 2201; and the Administrative Procedures Act (APA), 5 U.S.C. §§ 701, *et seq.* [4] The Court finds that at a minimum, it has jurisdiction based on 8 U.S.C. § 1447(b).

The United States Code states that "[b]efore a person may be naturalized, an employee of the Service, or of the United States designated by the Attorney General,

---

[4]     The Declaratory Judgment Act is not a jurisdictional statute, but is instead a procedural one. The Act does not provide an independent basis for subject matter jurisdiction. *Skelly Oil v. Phillips Petro. Co.*, 339 U.S. 667, 671-72 (1950); *Larson v. United States*, 995 F. Supp. 969, 971 (D. Minn. 1997).

5

shall conduct a personal investigation of the person applying for naturalization[.]"

8 U.S.C. § 1446(a). The Code further provides that:

> [t]he Attorney General shall designate employees of the Service to conduct examinations upon applications for naturalization . . . . The record of the examination authorized by this subsection shall be admissible as evidence in any hearing conducted by an immigration officer under section 1447(a) of this title. Any such employee shall, at the examination, inform the applicant of the remedies available to the applicant under section 1447 of this title.

8 U.S.C. § 1446(b).

Section 1447 then provides the following:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b). Therefore, a district court has jurisdiction over naturalization applications in two contexts: first, if an application has been denied, an applicant may seek a *de novo* review of the denial in district court, but only "after a hearing before an immigration officer under section 1447(a)," 8 U.S.C. § 1421(c); and second, an applicant may petition a district court for a hearing if the USCIS fails to make a determination on their application "before the end of the 120-day period after the date on which the examination is conducted." 8 U.S.C. § 1447(b).

Here, the parties dispute what the term "examination" refers to, and therefore dispute what triggers the 120-day period in § 1447(b). Plaintiff contends that the "examination" refers to the application interview conducted by the USCIS. Citing

6

*Danilov v. Aguirre*, 370 F. Supp. 2d 441, 443 (E.D. Va. 2005)[5] and *Walji v. Gonzales*, 489 F.3d 738 (5th Cir. June 19, 2007),[6] Defendants contend that the "examination" is a process, which is not complete without the finalized background check. Defendants assert that because the USCIS has not received all of the results from the background checks here, which are required in order for the USCIS to be able to make an informed decision on Plaintiff's naturalization application, the 120-day period has not yet expired. Accordingly, Defendants argue that the Court lacks subject matter jurisdiction. The Court disagrees.

Like the majority of district courts around the country, the Court declines to follow the *Danilov* line of cases and instead concludes that the term "examination" in § 1447(b) means the applicant's interview with USCIS, not the information-gathering process in total. *See Repeshchuk v. Gonzales*, No. 07-2017 (RHK/AJB), 2007 WL 2361450, at *3-*4 (D. Minn. Aug. 15, 2007) (citing cases and holding that "federal-court jurisdiction exists over a naturalization application 120 days after the date of the applicant's *interview*, if the application has not been adjudicated in that time") (emphasis in original).

---

[5] The *Danilov* court held that an "examination" for purposes of § 1447(b) "is not a single event, but instead is essentially a process the agency follows to gather information concerning the applicant." 370 F. Supp. 2d at 443.

[6] In their briefing, Defendants urge the Court to follow *Walji*, which originally adopted *Danilov's* approach. On September 14, 2007, however, the Fifth Circuit Court of Appeals withdrew its June 19, 2007 opinion, substituting a new opinion and reversing the district court's finding that the 120-day period begins to run after the background investigation is complete. *Walji v. Gonzales*, No. 06-20937, 2007 WL 2685028 (5th Cir. Sept. 14, 2007). The Court notes, however, that even if the Fifth Circuit had not withdrawn its June 19, 2007 opinion, the Court would have departed from the Fifth Circuit's opinion.

The Court finds § 1447(b) unambiguous. The section states that the district court shall have jurisdiction over the matter after "*the date on which* the examination is conducted." 8 U.S.C. § 1447(b) (emphasis added). The phrase "the date on which" indicates a single date for an examination to take place. A process could occur over a span of several dates. *See also Repeshchuk*, 2007 WL 2361450, at *3 ("[I]f the Court were to equate the term 'examination' with 'process,' the relevant statutory language would, in essence, be transformed into: 'the date on which the process is conducted.' Such language would be ambiguous and would not provide a cognizable date after which an applicant would apply to the district court for relief[.]").

Further, as explained by the *Repeshchuk* court, construing "examination" to mean "process" is not consistent with the USCIS's use of the terms "examination" and "investigation" in its regulations. Specifically, 8 C.F.R. § 335.1, entitled "Investigation of applicant," states that the USCIS "shall conduct an investigation of the applicant," including a review of pertinent records, police-department checks, a neighborhood investigation, and an employment-background check. Section 335.2, on the other hand, which is entitled "Examination of applicant," states that, after submitting a naturalization application, an applicant:

> shall appear in person before a Service officer designated to conduct examinations pursuant to § 332.1 of this chapter. The examination shall be uniform throughout the United States and shall encompass all factors relating to the applicant's eligibility for naturalization. The applicant may request the presence of an attorney or representative . . . .

8 C.F.R. § 335.2(a). In addition, § 335.2(b), entitled "Completion of criminal background checks before examination," states that the USCIS "will notify applicants for

8

naturalization to appear before a [USCIS] officer for initial examination on the naturalization application only after [USCIS] has received a definite response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed." 8 C.F.R. § 335.2(b).[7]

Therefore, the regulations treat the FBI background check as a separate event from the "examination." In addition, the regulations use the term "investigation" to describe what Defendants refer to as a "process" that includes the various types of background checks and the term "examination" to describe a single event that takes place in person before a USCIS officer. This supports the Court's construction that the term "examination" refers to the USCIS interview, as opposed to the entire process that includes the FBI background check. Finding otherwise would create a situation where the FBI could potentially delay adjudication for an indefinite amount of time. Such effect would run contrary to Congress' intent, which was to curb the delays that adjudications were facing in the district court system.

Here, there is no dispute that more than 120 days elapsed between Plaintiff's USCIS interview (March 1, 2006) and the filing of Plaintiff's Petition (April 23, 2007)

---

[7] Here, the USCIS conducted the initial examination before the FBI completed the name check.

9

and that her application has not been finally adjudicated. Therefore, pursuant to 8 U.S.C. § 1447(b), subject-matter jurisdiction exists.[8]

### III.   Remand

Plaintiffs ask the Court to set the matter for a hearing and order Defendants to complete the FBI name check and present the findings to the Court rather than remanding the matter to the USCIS. Plaintiffs assert that because the Defendants have provided no reasons for failing to act on Plaintiff's application, the Court should exercise its power to adjudicate the matter itself. Defendants oppose this approach and ask that if the Court finds jurisdiction—which it does—to have the Court remand the matter to the USCIS without time deadlines. Plaintiffs, on the other hand, request that if the Court chooses to remand the matter to USCIS, that it does so with specific instructions that direct the FBI and the USCIS to complete Plaintiff's name check and application adjudication within fifteen days.

Defendants assert that the FBI processes name checks and the USCIS generally adjudicates applications on a first-in/first-out basis. Defendants assert that some applications simply remain pending longer due to manual check requirements and that some delays are justified because the FBI name check has revealed derogatory information on the applicant. Defendants also assert that the USCIS will take an applicant out of order if they have raised certain compelling humanitarian reasons to do

---

[8]   Because the Court finds that subject matter jurisdiction exists under 8 U.S.C. § 1447(b), the Court need not address whether subject matter jurisdiction exists under the other basis alleged in Plaintiff's Petition.

so.  Here, Defendants assert that Plaintiff has not shown any such humanitarian reason to have her application adjudicated before others that are pending.

The Court, at this stage, is unable to adjudicate Plaintiff's application *de novo*. The Court acknowledges Plaintiff's frustration with the continued delay in the adjudication of her application.  But, "[t]he FBI criminal background check is a vital piece of information and absent such information the court system is simply not equipped with the resources necessary to ensure a thorough investigation prior to the giving of the naturalization oath." *Essa v. United States Citizenship and Immigration Servs.*, No. CIV051449 (DSD/JJG), 2005 WL 3440827, at *2 (D. Minn. Dec. 14, 2005).  In addition, "to adjudicate petitioners' applications at this stage would contravene Congress's intent that an FBI background check is to be completed prior to the adjudication of every naturalization application." *Id*.  For these reasons, remanding the matter to the USCIS is appropriate because the USCIS can properly make a final determination on Plaintiff's naturalization application once the FBI name check has been completed.

In doing so, the Court also acknowledges that the USCIS's burdens have increased since September 11, 2001, and acknowledges that the USCIS depends on the FBI for the information that it needs to make a thorough and proper adjudication.  However, the USCIS still has "a non-discretionary duty to process the application within a reasonable time." *Alkenani v. Barrows*, 356 F. Supp. 2d 652, 656 (N.D. Tex. 2005).  "At some point, USCIS's delay becomes unreasonable." *Khan v. Frazier*, No. 06-1560 (MJD/RLE), 2007 WL 270413, at *4 (D. Minn. Jan. 29, 2007).  Here, the Court finds it unreasonable for the Plaintiff to have to wait for her adjudication for more than two

11

years, especially in light of the fact that neither the USCIS nor the FBI have given her a specific reason for the delay.[9]  Weighing the burdens of all of the parties involved in light of the facts presented before the Court, including the administrative record, the Court concludes that Defendants request for unfettered leave to continue the processing of Plaintiff's application is unreasonable.  But the Court also concludes that Plaintiff's request for a fifteen-day completion deadline is unreasonable.  Instead, the Court concludes that a time limit of 120 days for completion of the FBI name check and the USCIS adjudication is reasonable.

## CONCLUSION

Based on the files, records, and proceedings herein, the arguments of counsel, and for the reasons stated at the hearing, this Court concludes that it has subject matter jurisdiction over the present cause of action and that the matter shall be remanded to United States Citizenship and Immigration Services ("USCIS") with instructions to complete the administrative process and make a final determination after the Plaintiff's name check has been completed.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss or Remand (Doc. No. 4) is **DENIED**. Pursuant to 8 U.S.C. § 1447(b), Plaintiff 's request for adjudication of her Application for Naturalization is **REMANDED** to the USCIS with instructions to the USCIS and other

---

[9]  Defendants have provided no statement from the FBI addressing the status of Plaintiff's name check or why Plaintiff's name check is delayed and have not alleged that Plaintiff's case has required any specific additional investigation beyond the initial background check.

defendants to complete all background checks, including an FBI name check, as necessary to fully process and issue a determination on Plaintiff's naturalization application within **120 days**.[10]  Upon completion of the adjudication, the USCIS shall promptly inform this Court and the Plaintiff of its decision.[11]

      2.    Defendants are ordered to show cause to this Court for any failure to comply with the substance of the Court's Order and to do so within **30 days** of the expiration of the 120-day deadline set forth herein.  This Court will retain jurisdiction over the matter in the interim to ensure that the USCIS complies with this Order.[12]


Dated:  September 27, 2007              s/Donovan W. Frank
                                                    DONOVAN W. FRANK
                                                    Judge of United States District Court

---

[10]    The 120-day time limitation shall be calculated from September 14, 2007, which is the date the Court issued its Order in this matter.

[11]    On September 26, 2007, the Court received a letter dated September 25, 2007, from Defendants' attorney advising the Court that the FBI has completed the name check and the USCIS has adjudicated and approved Plaintiff's naturalization application.

[12]    Because the FBI has completed the name check and the USCIS has adjudicated and approved Plaintiff's naturalization application, paragraph 2 of this Order has now become moot.